JAMES R. LANGDON AND ORAMEL H. SMITH *v*. JOSEPH BRUCE.

*Acts amounting to a participation in a trespass.*

The defendant and one W. jointly purchased a lot of land under an agreement by which the defendant was to have the land and W. the cedar timber upon it. The lot adjoined one owned by the plaintiffs, and there was a controversy respecting the true division line between them, of which controversy the defendant had knowledge, and he supposed and claimed that the judgment in an action of trespass in favor of a former proprietor of the lot purchased by them had determined the question of title in his favor, and he so informed W., who went on and cut the timber on the land between the two lines, which was ultimately decided to belong to the plaintiffs. The defendant took no part and did not advise or assist the cutting of timber, except that he let one of his hired men assist W. for whose services he charged him. *Held* that there was not such a participation, by the defendant, in the taking of the timber as to render him liable to the plaintiffs therefor.

TRESPASS for cutting timber on land of the plaintiff's. The case was referred and the referees reported that they found the defendant not guilty unless the court found him liable upon the following facts, in which case they found the damages to be two hundred dollars.

The plaintiffs were the owners of Lot No. 44; and the defendant and one Isaac Watts were the owners of Lot No. 35 of the 3d division in Peacham : said lots adjoined, and, at the time of the defendant and Watts purchase, there was a dispute in reference to the division line, there being two lines, about twenty rods apart, indicated by marked trees, each of which was claimed as the true line. In 1852 the said Watts owned one half and one Evans the other half of Lot No. 35; and Watts was desirous of obtaining the cedar timber upon Evans' half, and the defendant was desirous of obtaining the land for the purpose of flowing it with water for the benefit of his saw mill. For these purposes, the defendant and Watts agreed together to make the purchase of Evans, each to pay half the purchase money, with the understanding that the defendant should have the *land*, and Watts the *cedar timber*. Accordingly, Watts let the defendant have half the purchase money, who took the deed in his own name, as the land was to be his ; and, in the winter following, Watts went on and cut off the timber on the lot, and on the land between the two lines, which, the referees decided, belonged to the plaintiffs.

It did not appear that the defendant took any part in the cutting of the timber, or in any way advised, aided or assisted said

Watts. He was knowing to there having been a controversy, a few years before, about the land in dispute, and from which Watts cut the timber, and that one Fairchild, then the owner of Lot No. 35, commenced a suit in trespass against sundry persons for cutting on the same land, and recovered a final judgment in the Caledonia county court. By some persons, and by the defendant among others, it was supposed and claimed that that suit settled the question as to the title of the disputed land, and settled it as being really a part of Lot 35, and after the defendant made the purchase of Evans he claimed that the disputed territory and the timber thereon rightfully belong to them, and of this, he informed Watts at the time they made the purchase of Evans. This was the only connection the defendant had with the cutting of the timber by Watts except that he let Watts have one of his hired men to go and work for him, in cutting the timber, and for the services of said hired man, the defendant, at the time, charged Watts.

The county court, December Term, 1854,—POLAND, J., presiding,—rendered judgment, upon the report, for the defendant. Exceptions by the plaintiffs.

*O. H. Smith* for the plaintiffs.

*M. Hale* for the defendant.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question in the present case is in regard to the defendant's participation in the taking of the timber by Watts. This is mainly a question of fact and so far as any inferences of fact are deducible from the facts reported by the referees, they could only be made by the county court, to whom the report was made. And, on that account, we are bound to make reasonable intendments in favor of the judgment below.

The referees do not find that the defendant had any participation in the cutting of the timber, but find, generally, that he had not, unless certain facts stated constitute such participation. These facts are that defendant and Watts bought a lot adjoining plaintiff's lot and divided it between them, by giving the timber to Watts and the land to defendant, both parties supposing, probably, that the timber cut was upon this lot, but it proved to be upon plain-

tiff's lot. Defendant also let Watts have his hired man and charged the service to Watts, who used him upon this same cutting.

We think it could scarcely be claimed that the defendant letting his hired man to Watts, to assist in cutting the timber, could be regarded as any participation in the act of Watts in cutting the timber off from any other than the lot owned by him and defendant. Nor should we regard the division of the lot, in the manner stated, even with the belief that the timber in question was on the defendant and Watts' lot, as any participation of defendant in the taking of this timber unless defendant did something or said something which was intended to induce Watts to cut this timber and which had that effect, or unless he was in some way benefited by the timber being cut. But nothing of this kind is found and no very striking facts tending towards such result. If it appeared affirmatively that the division was made upon the basis of this timber forming a portion of the joint property in any such manner as to leave defendant liable to make up the loss to Watts, the defendant must undoubtedly be held liable. But so far from this appearing, it would rather seem that he had no interest whatever in that question, but that Watts took the risk of where the lines of the lot were, as to the timber; and the defendant, as to the land. And nothing appears in the case to show that the defendant took any part whatever in determining Watts where to cut timber more than by expressing an opinion in regard to the effect of the former decision in settling the boundaries of the dividing line of the two lots. And having no interest in the question, so far as the timber was concerned, we do not see why it should involve him in the act of Watts in cutting the timber, any more than it would, had he had no interest in the land.

Judgment affirmed.